Matter of Megan E.R. (2025 NY Slip Op 51625(U))

[*1]

Matter of Megan E.R.

2025 NY Slip Op 51625(U)

Decided on October 8, 2025

Surrogate's Court, Erie County

Mosey, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 8, 2025

Surrogate's Court, Erie County

In the Matter of the Guardianship of Megan E.R.

File No. 2016-445/A/B/C/D

Thomas D. Migliaccio, Esq.

Guardian ad Litem and Temporary Article 17-A Guardian of Megan E. R.

Clair A. Montroy, III, Esq.

Attorney for Ronald Hoelzl, Diane Hoelzl and Charles Mingle

DENISE C. R.

Objectant

Appearing Pro Se

Acea M. Mosey, S.

On January 28, 2016, Denise C. R. [hereafter, Denise] filed a petition pursuant to article 17-A of the Surrogate's Court Procedure Act [SCPA] seeking to be appointed guardian of her daughter, Megan E. R. [hereafter, Megan][FN1]
. Megan was alleged to be a person with an intellectual disability. A decree was issued by this Court [HOWE, J.] on September 28, 2017, granting the petition and appointing Denise as Megan's person and property article 17-A guardian.

On September 13, 2022, a petition seeking to remove Denise as Megan's guardian was filed by Clair A. Montroy, III, Esq. [hereafter, Montroy] on behalf of Charles Mingle [hereafter, Charles], who is Megan's partner and the father of her child, and Ronald Hoelzl [hereafter, Ronald] and Diane Hoelzl [hereafter, Diane], who are Charles's parents. On that date, a cross-petition was also filed by Montroy on behalf of Charles, Ronald and Diane seeking to be appointed article 17-A guardians of Megan or, in the alternative, having another suitable individual appointed as her guardian.

An Order of this Court was issued on November 2, 2022, appointing Sharon L. Wick, Esq. [hereafter, Wick] as temporary 17-A guardian of Megan's person. The same Order suspended Denise as guardian of Megan's person, and suspended the standby and alternate [*2]standby guardians [FN2]
of Megan's person. On August 7, 2023, the appointment of Wick was revoked, and Thomas D. Migliaccio., Esq. [hereafter, Migliaccio], was appointed as temporary guardian of Megan's person [FN3]
.

On January 30, 2023, Montroy filed a petition on behalf of Charles, Ronald and Diane seeking to remove Denise Pelino and Cherry Eisenhauer Vanderbush as article 17-A standby guardian and first alternate standby guardian, respectively, of Megan.

As part of these proceedings, this Court ordered that Megan undergo psychological testing and assessment to be administered by a psychologist chosen by Person Centered Services. That evaluation was completed on August 16, 2023 by Elizabeth Randall, a licensed psychologist at People, Inc.

A petition was filed on behalf of Megan by Migliaccio on December 1, 2023, seeking to terminate the article 17-A guardianship and to permanently revoke letters of guardianship issued to Denise. Charles and his parents/co-petitioners have joined in Migliaccio's petition. Denise, who is self-represented, has filed a verified answer to the petition objecting to the termination of Megan's guardianship.

On July 14, 2025, Migliaccio filed a motion seeking summary judgment terminating Megan's guardianship, discharging and releasing Migliaccio as guardian of Megan's person, directing the closure of any guardianship accounts, and striking the objections of Denise based on her failure to comply with discovery.

A status appearance was held on July 30, 2025 at which Migliaccio, Montroy and Denise were present. Denise stated on the record that she will not proceed with her objections to the relief requested.

The matter having been finally submitted, I now find and decide as follows.

(I)

Megan was born on XX-XX-1992 to Denise and Ronald West. Denise's petition to become Megan's article 17-A guardian was filed when Megan was age twenty-three (23). The petition alleged that Megan's biological father has never been a part of her life, and process on Denise's petition was served on him at his last known address.

The medical proof submitted in support of Denise's petition for article 17-A guardianship included the affidavit of Dr. Horacio A. Capote, and the affirmation of Dr. Danielle R. Kwakye-Berko. Both physicians deemed Megan to have mild intellectual disabilities, and concluded that she was incapable of managing her affairs as a result.

The report of the updated psychological testing and assessment of Megan ordered by this Court concluded as follows:

"Based on the present evaluation, it is my clinical impression that 17-a guardianship is not appropriate for [Megan]. There are certainly some areas in which [Megan] would benefit from some support (such as her finances, which she has identified as an area in which she needs assistance), but she appears to demonstrate awareness when she requires support in this area, as well as a willingness to reach out to her support network as needed. [Megan] does currently have three authorized health care proxies, and she demonstrates an ability to ask for support when needed. Her history does not reflect any pattern of unsafe or uninformed decision making. It is my clinical impression that based on all available sources of information, there is no evidence to suggest that guardianship should be mandated at this time" (emphasis added).

In her opposition to the termination petition, Denise outlined her concerns for Megan and alleged mistreatment of Megan by Charles, Ronald and Diane. However, Denise has submitted no evidence to contradict or otherwise call into question the psychological evaluation that concludes that 17-A guardianship is not appropriate for Megan. Finally, Denise has now stated that she will not proceed in litigating her objections to the petition to vacate the 17-A guardianship.

(II)

For purposes of SCPA article 17-A, a person is intellectually disabled if he or she:

"is a person who has been certified by one licensed physician and one licensed psychologist, or by two licensed physicians at least one of whom is familiar with or has professional knowledge in the care and treatment of persons with an intellectual disability, having qualifications to make such certification, as being incapable to manage him or herself and/or his or her affairs by reason of intellectual disability and that such condition is permanent in nature or likely to continue indefinitely" (SCPA 1750[1]).

As this Court [HOWE, J.] has pointed out, "[t]he imposition of an SCPA article 17-A guardianship is plenary, and, under the provisions of the statute, results in the total deprivation of the individual's liberties (Matter of Chaim A.K., 26 Misc 3d 837 [2009]; Matter of D.D., 50 Misc 3d 666 [2015]; Matter of Michelle M., 52 Misc 3d 1211A [2016]" (Matter of Michael J.N., 58 Misc 3d 1204 [A] [2017]). In determining whether termination of the guardianship is in Megan's best interest, this Court may consider whether the guardianship is the least restrictive means to preserve and protect Megan's rights (id.).

Megan is currently 31 years of age. She is in a relationship with Charles, and together they have a daughter who is nearly three years old. Megan resides with Charles, her daughter, and Charles's parents. She is the primary caretaker for her daughter.

The record establishes that Megan is able "to live safely in the community supported by family, friends and mental health professional", rather than requiring the imposition of an article 17-A guardianship (Matter of Dameris L., 38 Misc 3d 570, 578 [2012]).

Accordingly, the decree issued by this Court [HOWE, J.] on September 28, 2017 is hereby vacated, the SCPA article 17-A guardianship over Megan is hereby terminated, the letters of guardianship issued to Denise are hereby revoked, any guardianship bank accounts opened for [*3]the benefit of Megan shall be closed, and the funds in any such accounts shall be transferred to Megan forthwith.

This decision shall constitute the Order and Decree of this Court and no other or further order or decree shall be required.

DATED: October 8, 2025

BUFFALO, NEW YORK

Hon. ACEA M. MOSEY

Surrogate Judge

Footnotes

Footnote 1:Megan's date of birth is XX-XX-1992.

Footnote 2:The Decree issued on September 28, 2017 appointed Denise Pelino as standby guardian of the person and Cherry Vanderbush as first alternate standby guardian of the person.

Footnote 3:On August 1, 2023 this Court issued an Order of Protection against Denise C. R. in favor of Wick, who was Megan's then-guardian ad litem and temporary article 17-A person only guardian.